**Gregory Alan FERQUERON,**
**Plaintiff–Appellant,**

v.

**Cynthia FERQUERON; Carol Hackett–Garagiola; Michigan Department of Corrections; Dennis M. Straub; John Doe; Jane Doe, Defendants–Appellees.**

No. 01–1428.

United States Court of Appeals,
Sixth Circuit.

Oct. 2, 2001.

by designation.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

### ORDER

Gregory Alan Ferqueron, a Michigan prisoner proceeding pro se, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a 58–page complaint, Ferqueron sued his ex-wife, the warden of the institution where he is incarcerated, an assistant prosecutor, a psychiatrist involved in his criminal case, and a number of unidentified officials of the Michigan Department of Corrections. The state defendants were sued in their individual and official capacities. Ferqueron generally alleged violations of his rights in the form of, *inter alia*, interference with his access to the courts, civil conspiracy, retaliation, withholding of discovery and exculpatory evidence, procedural and substantive due process violations, violation of his rights to freedom of speech and equal protection, false disciplinary charges, infliction of mental anguish, damage to personal property, interference with his mail, denial of medical care, retaliatory confinement in administrative segregation, witness tampering, obstruction of justice, and denial of appeal of right. The claims principally arise from Ferqueron's prosecution and conviction for sexual assault. He asserted that the charges were false and that evidence was withheld and witnesses threatened in order to obtain his conviction. He further alleged violations of his constitutional rights by prison officials. Ferqueron sought declaratory and injunctive relief, as well as unspecified damages.

The district court summarily dismissed Ferqueron's complaint without prejudice in an opinion and order filed on February 23 and entered on February 26, 2001. A separate judgment, which stated that the complaint was dismissed *with* prejudice, was entered the same day. Insofar as Ferqueron challenged his allegedly wrongful conviction, the district court found that his claims must be dismissed pursuant to the doctrine of *Heck v. Hum-*

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

*phrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Insofar as Ferqueron challenged the conditions of his confinement, the district court found that his claims must be dismissed because he failed to show that he had exhausted his administrative remedies before filing his federal lawsuit. Ferqueron's timely motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) was denied in an opinion and order entered on April 30, 2000.

On appeal, Ferqueron generally argues that the district court incorrectly dismissed his complaint.

We affirm the judgment for the reasons stated by the district court. However, the district court's judgment erroneously dismisses Ferqueron's complaint *with* prejudice, in contrast to the opinion and order of summary dismissal which properly specified dismissal *without* prejudice.

Accordingly, we affirm the district court's judgment, but remand so that the district court may correct its judgment to specify that the dismissal of this complaint is without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.